UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV135

CONNIE WEBSTER                                                                                       PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                            DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon the Commissioner's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the case should be remanded for further proceedings.

Ms. Webster filed applications for disability insurance and SSI benefits in July of 2001 alleging that she became disabled on April 1, 2000 as a result of a back injury to the L5-S1 disc (Tr. 95). After a hearing on May 13, 2003, Administrative Law Judge Gary A. Flenner ("ALJ") found that she suffers from severe impairments of status post lumbar fusion and an affective disorder. The ALJ found that she is unable to return to her past relevant work, but retains the residual functional capacity to perform a significant range of light work activity. Relying upon the testimony of the vocational expert, the ALJ determined that the claimant is capable of making adjustment to work that exists in significant numbers in the national economy and is therefore not disabled.

The claimant appealed the ALJ's unfavorable Decision to this Court, and the magistrate has recommended that the case be remanded to the Commissioner. At issue is treating physician Dean Branson's Physical Residual Functional Capacity Questionnaire which would limit plaintiff to

standing no more than two hours per workday. The vocational expert conceded that these restrictions would not permit any kind of full-time work (Tr. 448). The ALJ rejected Dr. Branson's standing/walking limitation as not being supported by substantial evidence (Tr. 18). In contrast, the magistrate determined that Dr. Branson's standing/walking limitation was supported by sufficient objective medical data to be entitled to controlling weight, i.e., that plaintiff is unable to stand or walk due to ongoing and recurrent swelling of the legs. The Commissioner has objected to the magistrate's recommendation for remand, insisting that the ALJ's Decision is supported by substantial evidence.

After reviewing the record in its entirety and conducting a de novo review of the matters raised in objection, the Court has determined that the analyses and conclusions of the magistrate mirror those of the undersigned. As recitation of those analyses would constitute mere repetition, the Court adopts the magistrate's recommendation for a new decision, with specific findings to be made regarding plaintiff's need to elevate her legs, shift positions from standing and sitting at will, and to avoid repetitive bending and twisting of her waist, if any; for the taking of additional vocational testimony, if necessary; and for exploration of the possibility that plaintiff can perform a significant number of sedentary jobs in the national economy. The magistrate's proposed findings and recommendations are adopted in their entirety in lieu of writing a separate opinion.

A Judgment in conformity has this day entered.